IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TIM WHITNER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | Case No: 4:14-CV-0044-CDL-MSH |
| GEORGIA DEPARTMENT | : | 42 U.S.C. § 1983 |
| OF CORRECTIONS, et. al., | : | |
| | : | |
| Defendants | : | |

## ORDER

Plaintiff Tim Whitner, an inmate confined at Rutledge State Prison in Columbus, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983.  Plaintiff also seeks to proceed without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a).  Plaintiff, however, apparently drafted and held his Complaint for period of time before filing.  The Complaint was docketed on February 21, 2014, but shows that it was signed on October 28, 2013.  It is unclear at what point the Complaint was delivered to prison officials for mailing, but an attachment suggests that it was at some point after February 3, 2014 (*See* ECF No. 1-1 at 9).  The trust account statement provided by Plaintiff was also printed months ago; it is dated August 12, 2013.  As such, Plaintiff's account statement does not show the activity in his account during the six-month period immediately preceding the filing of this Complaint.

Federal law requires a prisoner proceeding *in forma pauperis* to submit both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . ."  28 U.S.C. § 1915(a).  Without this account

statement (or similar certified documentation from the prison), the Court does not have sufficient information to determine the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* Plaintiff is thus **ORDERED** to provide the Court with an updated certified copy of his trust account statement for the six-month period that occurred just prior to the date of filing.

Plaintiff is also now **ORDERED** to recast the "Statement of Claims" in his Complaint. The factual allegations in Plaintiff's Complaint are provided in the form of a narrative describing his medical treatment and an attached forty-four page supplement containing exhibits, motions, and documents which appear to describe Plaintiff's own medical opinions. Though lengthy, Plaintiff's allegations do not clearly identify the claims Plaintiff intends to bring against the named defendants.

Plaintiff's recast "Statement of Claims" should list each defendant by name and tell the Court exactly what each did, or did not do, to violate his constitutional rights and what injury he suffered as a result of each defendant's actions. The recast statement must comply with Rule 8 of the Federal Rule of Civil Procedure, but may not exceed five (5) hand-written pages. When received, the recast allegations <u>shall take the place of and supersede those allegations in both Plaintiff's original pleading and the forty-four page supplement attached thereto</u>.

Plaintiff must write legibly. If the recast statement is not legible, the Court will have no alternative other than to dismiss this action. In an attempt to make the pages legible, Plaintiff may want to use lined paper. Plaintiff should also allow enough space between the lines of writing and write large enough so that the Court is able to read his allegations.

Plaintiff's "Motion for Legal Assistance" (ECF No. 1-1 at 37) is premature. The Court cannot properly evaluate Plaintiff's need for counsel until it has an opportunity to

review the responsive pleadings.  If it becomes apparent at some point later in these proceedings that counsel should be appointed in this case, after due consideration of the complexity of the issues raised or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion.  Until then, Plaintiff's requests for court-appointed counsel will be **DENIED**.

Plaintiff's "Motion to Have Medical Record Examined" (ECF No. 1-1 at 36) is also premature.   The parties are generally permitted seek discovery, as provided in the Federal Rules of Civil Procedure, after an answer or dispositive motion has been filed in the case.  Any discovery requested before this time will be **DENIED**.

Plaintiff shall have **TWENTY-ONE DAYS (21) DAYS** from the date shown on this Order to (1) provide the Court with a certified copy of his trust account statement for the six month period that occurred just prior to the date Plaintiff filed his Complaint; and (2) recast the factual allegations in his statement of claims.   While this action is pending, Plaintiff shall also immediately inform the Court in writing of any change in his mailing address.   Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his complaint.   There will be no service of process in this case until further order of the Court.

SO ORDERED, this 27th day of March, 2014.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE